IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TRAVIS CONKLIN, | ) | |
|---|---|---|
| Plaintiff | ) | Civil Action No. 16-88 Pittsburgh |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Conti |
| SERGEANT STEELEY, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Commonwealth Defendants' motion to dismiss [ECF No. 13] be granted. It is further recommended that Plaintiff's claim against Defendant Attorney James P. Miller be dismissed as frivolous, pursuant to the authority granted to courts by the Prison Litigation Reform Act, and that this case be dismissed in its entirety.

### II. REPORT

#### A. Relevant Procedural History

On February 8, 2016, Plaintiff Travis Conklin, an inmate incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCI-Pittsburgh"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: Sergeant Steeley, a corrections officers at SCI-Pittsburgh ("Steeley"), Jeffrey Bowden, Psychological Staff Specialist at SCI-Pittsburgh ("Bowden"); Attorney James P. Miller ("Miller"); and an unnamed corrections officer at SCI-Pittsburgh identified as "Officer John Doe."[1] For ease of reference, all Defendants other than Defendant Miller will be collectively referred to as "Commonwealth Defendants."

---

[1] Defendant Miller has not yet been served with the complaint in this matter.

1

Plaintiff claims that Defendants violated his First and/or Sixth Amendment right to access the courts by cancelling two telephone conferences he was scheduled to have with Defendant Miller on November 25 and 26, 2013; the first because Defendant Miller was unavailable and the second because SCI-Pittsburgh was on lockdown.[2] As relief for his claim, Plaintiff seeks monetary damages and injunctive relief.

The Commonwealth Defendants have filed a motion to dismiss [ECF No. 13] asserting that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has since filed a letter with this Court requesting that Defendants' motion be denied and that he be allowed to proceed with his claims; however, no further support for his claim was offered [ECF No. 18]. This matter is now ripe for consideration.

### B.     Standards of Review

#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

[2] Plaintiff also purports to raise claims under the Fourth, Fifth, and Fourteenth Amendments, and the Americans with Disabilities Act (ECF No. 4, Complaint, at Section III); however, even the most liberal construction of Plaintiff's allegations elicits nothing more than a denial of access to the courts claim.

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v.

3

Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Access to the Courts

Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).[3] Importantly, a plaintiff must demonstrate actual

---

[3] The Supreme Court has identified two general categories of denial of access to courts claims. Christopher, 536 U.S. at 412-13; see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety – Div. of State Police, 411 F.3d 427, 441 (3d Cir. 2005) overruled in part on other grounds as noted in Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010). The first type is "forward-looking" claims which allege that official action frustrates a plaintiff in

injury stemming from the denial of access.[4] Lewis v. Casey, 518 U.S. 343 (1996). The actual injury requirement "derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349. See also Stokes v. Gehr, 399 Fed.Appx. 697, 699 (3d Cir. 2010) (the actual injury requirement articulated in Lewis is "derived from principles of standing, … an unwaivable constitutional prerequisite.").

A plaintiff must allege both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation. Christopher v. Harbury, 536 U.S. 403 (2002). In order to state an access to courts claim, "[w]here prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) quoting Christopher, 536 U.S. at 415. "To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id.

Furthermore, a plaintiff must demonstrate intent on the part of the defendants. The Third Circuit has explained:

---

preparing and filing suit at the present time. Christopher, 536 U.S. at 413. The second category covers "backward – looking" claims which allege that official acts "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief …. These cases do not look forward to a class of further litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." Christopher, 536 U.S. at 413-14 (citations omitted).

[4] Prisoners are limited to proceeding on access to courts claims challenging either their sentence (by direct or collateral attack) or their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

> A denial of access claim is available where the state officials *"wrongfully and intentionally* conceal information crucial to a person's ability to obtain redress through the courts, and so *for the purpose of frustrating that right*, and that concealment, and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled.

Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety – Div. of State Police, 411 F.3d 427, 445 (3d Cir. 2005). See also Burkett v. Newman, 2012 WL 1038914, at *3 (W.D. Pa. Fed. 21, 2012).

So then, in order to support his access to courts claims, Plaintiff is required to demonstrate that he has lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim, that there is no other remedy available to him, and that Defendants had the requisite intent to deny his constitutional right of access to courts. Here, the Commonwealth Defendants' aptly observe that, "Plaintiff makes no allegations concerning the legal merits of the case for which he wished to speak with his attorney or indeed that he was prevented from speaking with his attorney on another date to make up for the cancelled conferences." (ECF No. 14, Commonwealth Defendants' Brief, at p. 1). In short, Plaintiff has failed to demonstrate that he has lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim as a result of the cancellation of the two telephone conferences that were scheduled to be held with Defendant Miller on November 25 and 26, 2013. As a result, Plaintiff's access to courts claim against the Commonwealth Defendants should be dismissed for failure to state a claim upon which relief may be granted.

### 2. **Defendant Miller**

Pursuant to 28 U.S.C. § 1915(e) of the Prison Litigation Reform Act ("PLRA"), this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims. Wilson v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall

dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." <u>Hishon v. King & Spaulding,</u> 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section 1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

As noted earlier, Defendant Miller has not yet been served with the complaint in this matter. Nonetheless, on its face, Plaintiff's complaint fails to state any allegations against Defendant Miller that may be construed as a cognizable constitutional claim. Moreover, this Court has already determined that Plaintiff has failed to state an actionable claim of denial of access to the courts. Thus, Plaintiff's claim against Defendant Miller should be dismissed as frivolous, according to the authority granted by the PLRA.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 13] be granted. It is further recommended that Plaintiff's claim against Defendant Attorney James P. Miller be dismissed as frivolous, pursuant to the authority granted to courts by the Prison Litigation Reform Act, and that this case be dismissed in its entirety.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: October 5, 2016

Cc: The Honorable Joy Flowers Conti
     Chief United States District Judge